UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CLARK A. BROOKS, | ) |
| Plaintiff, | ) ) ) ) |
| v. | ) ) Civil Action No. 21-3288 (UNA) |
| FEDERAL BUREAU OF PRISONS *et al.*, | ) ) ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

Plaintiff, appearing *pro se*, has filed a Complaint for Injunctive Relief against the U.S. Bureau of Prisons (BOP), ECF No. 1, and a motion to proceed *in forma pauperis* ("IFP"), ECF No. 2. For the following reasons, the Court will grant the IFP motion and dismiss this action pursuant to 28 U.S.C. § 1915A, for failure to state a claim upon which relief may be granted.

Plaintiff is incarcerated at McKean Federal Correctional Institution in Bradford, Pennsylvania. Allegedly, on October 6, 2020, "Special Investigative Staff . . . discovered five inch strips of Red & Black paper under the mattress of the cell [Plaintiff] occupied at the time, which was processed as evidence, and later forwarded to the Pennsylvania State Police laboratory for identification." Compl. at 1. "The results," received on December 7, 2020, were "positive for synthetic cannabinoids," for which Plaintiff was disciplined. *Id*. at 1-2. Plaintiff alleges that BOP "personnel" failed to follow disciplinary procedures with respect to the timing of certain steps. *Id*. at 1-2 (citing BOP Program Statement (PS) 1330.18, "Administrative Remedy Program," and PS 5270.09, "Inmate Discipline Program").[1] Claiming "gross negligence," *id*. at 1, Plaintiff "ask[s]

---

[1] Plaintiff's citation to PS "1300.18," Compl. at 2, appears to be a typographical error.

this court [to] grant dismissal of [the resulting] incident report, reinstate all sanctions imposed, and remove said infraction from [his] institutional jacket." *Id.* at 3.

Plaintiff has cited no authority entitling him to the requested relief. Nevertheless, sovereign immunity bars a suit against the United States, U.S. agencies, and federal employees sued in their official capacity, except upon consent. *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (citation omitted). A waiver of sovereign immunity "must be unequivocally expressed in statutory text, and [it cannot] be implied." *Lane v. Pena*, 518 U.S. 187, 192 (1996) (citations omitted). Relevant here are the Privacy Act and the Administrative Procedure Act (APA), both of which generally waive the United States' immunity as to certain claims for equitable relief but, as determined next, provide Plaintiff no grounds for relief.

Although the Privacy Act "gives an individual the right to request amendment of his records" maintained by an Executive branch agency, *White v. U.S. Prob. Off.*, 148 F.3d 1124, 1125 (D.C. Cir. 1998) (per curiam) (citing 5 U.S.C. § 552a(d)), BOP "has exempted its inmate records systems from the Privacy Act's accuracy and amendment provisions," *Lane v. Fed. Bureau of Prisons*, 442 Fed. App'x 578 (D.C. Cir. 2011) (per curiam) (citations omitted)); *see* 28 C.F.R. § 16.97(a) (exempting, among others, the Custodial and Security Record System and the Inmate Administrative Remedy Record System). As a result, the Privacy Act "afford[s] inmates . . . no cause of action regarding such records." *Harrison v. Fed. Bureau of Prisons*, 248 F. Supp. 3d 172, 181 (D.D.C. 2017) (citing cases). Plaintiff fares no better under the APA because the criminal code clearly states that the Act's judicial review provisions, 5 U.S.C. §§ 701-706, "do not apply to the making of any determination, decision, or order" regarding a convicted person's imprisonment. 18 U.S.C. § 3625; *see Rush v. Samuels*, 82 F. Supp. 3d 470, 484–85 (D.D.C. 2015) ("the APA does not apply" to BOP determinations addressing, among other issues, "special management"

requirements, security designations, and custody classifications) (surveying cases)). Consequently, this case will be dismissed by separate order.

|  |  |
|---|---|
| Date: April 15, 2022 | _____/s/_____<br>TIMOTHY J. KELLY<br>United States District Judge |

3